**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

DRAPER FRANK WOODYARD,    )
    )
    Plaintiff,    )
    )
vs.    )    CIV. A. NO. 25-00218-KD-MU
    )
MICHAEL MITCHELL, *et al*.,    )
    )
    Defendants.    )

## <u>ORDER</u>

Draper Frank Woodyard initiated this action in May 2025 with the filing of a complaint against Defendants Mitchell, Peterson, Ming, Nichols, McNeal, Hamm, and two unknown individuals. (Doc. 1). The complaint was served on the defendants (Doc. 6), and after granting extensions of time to respond (Docs. 17, 24), Defendants' Answer and Special Report is due on March 6, 2026. (*Id*.). While waiting on Defendants' response to his complaint, Mr. Woodyard has filed numerous motions, which are now before the Court.

Mr. Woodyard has filed two Motions for Default Judgment (Docs. 25, 26). Because the Court has granted Defendants an extension of time to file their Answer and Special Report, and this deadline has not passed, these motions are **DENIED**.

Mr. Woodyard filed a Motion to Amend Complaint to add the Alabama Department of Corrections (ADOC) as a defendant after the complaint had been served. (*See* Doc. 10). However, Mr. Woodyard's motion to amend complaint is deficient and fails to comply with the Court's Local Rules for amending a pleading. *See* S.D. Ala. Civ.L.R. 15. Additionally, because Mr. Woodyard fails to assert a single allegation against the Alabama Department of Corrections or causally connect it to his complaint allegations,

amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." ) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Accordingly, Mr. Woodyard's Motion to Amend Complaint (Doc. 10) is **DENIED**.

Mr. Woodyard has also filed various motions seeking discovery: Motion to Subpoena or Compel the Release of Certain Evidence (Doc. 8), Motion to Subpoena (Doc. 20), Motion for Subpoena (Doc. 27), and various Motions to Compel (Doc. 29). Without discussing whether Mr. Woodyard's discovery requests meet the requirements of Fed. R. Civ. P. 26(b)(1), the Court determines any requests for discovery at this stage of this action is premature. The Court further advises Mr. Woodyard that many of the records he seeks will likely be produced as part of Defendants' Special Report. Accordingly, Mr. Woodyard's discovery requests (Docs. 8, 20, 27, 29) are **DENIED**.

Mr. Woodyard has also filed a Motion to Intervene, alleging he is being denied access to the law library and is receiving inadequate mailing supplies - "2 stamped envelopes paper and pen a week"- to litigate his many pending cases. (Doc. 19 at 1). He maintains that he must sell daily rations to other inmates for envelopes and stamps, which is causing him to get sick and lose weight. (*Id.* at 3). While the law requires "that indigent inmates must be provided at state expense with paper and pen to draft legal documents, . . .and with stamps to mail them," *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977), it does not require "that indigent inmates be permitted to mail unlimited legal correspondence at state expense." *Hoppins v. Wallace*, 751 F.2d 1161, 1161 (11th Cir. 1985) (holding that postage for two first-class letters a week was adequate to allow

reasonable access to the court). This is true regardless of the number of actions Plaintiff chooses to initiate. *See Id*. at 1162 (noting that Hoppins was very litigious with many cases filed in a variety of courts). No evidence has been presented that any of Mr. Woodyard's many cases have been dismissed or that any sanction has been imposed by the courts due to the impact of the Baldwin County Jail's indigent mail kit policy. Instead, Mr. Woodyard, like *Hoppins*, is being provided 2 free stamps a week. This is reasonable and sufficient to fulfill the constitutional right to access the courts. Accordingly, Mr. Woodyard's Motion to Intervene (Doc. 19) is **DENIED**.

      **DONE** and **ORDERED** this the **5th** day of **March**, **2026**.

                        **/s/ P. BRADLEY MURRAY**
                        **UNITED STATES MAGISTRATE JUDGE**