IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRAPER FRANK WOODYARD,          )
                                )
    Plaintiff,                  )
                                )
vs.                             )          CIV. A. NO. 25-00218-KD-MU
                                )
SGT. MICHAEL MITCHELL, *et al*., )
                                )
    Defendants.                 )

## <u>ORDER</u>

Before the Court are various motions filed by Mr. Woodyard which are ripe for consideration.

In this action, Mr. Woodyard is suing ADOC Commissioner John Hamm, Wardens Johnny McNeal and Kenneth Peters, Lieutenant Michael Mitchell, Sergeant Tobias Ming, and Officer Issac Nicols for alleged constitutional violations, including allegations of excessive force, failure to protect, failure to provide medical care, and failure to provide a safe environment. (*See* Doc. 1). The complaint was served on Defendants, who have answered the suit and filed a special report. (*See* Doc. 30). Defendants' answer, special report, and exhibits are currently pending before the Court for review.

Since the filing of his complaint, Mr. Woodyard has filed a plethora of letters, documents, and motions with the Court. Most recently, Mr. Woodyard filed a Motion to Intervene (Doc. 34), Motion to Compel (Doc. 35), Response to Special Report (Docs. 36, 38), and a Motion for Subpoena (Doc. 37). The Court will address these in turn.

On March 11, 2026, the Court received and docketed Mr. Woodyard's Motion to Intervene for Injunctive Relief. (Doc. 34). Mr. Woodyard requests that he be given a cell phone while at the Baldwin County Jail to view video evidence submitted by Defendants because "at every turn – official[s] at Baldwin County Jail have interfered with his legal conduct." (*Id*. at 1) (cleaned up). He further indicates that "Defendants did not answer interrogatories: 1) What date did Department of Corrections come to RHU at Fountain on Holman CC and initiate/orientate prisoners on new grievance procedure? (newly added) 2) Who's responsibility was it to introduce or orientate prisoners on this new grievance system?" (*Id*.). Mr. Woodyard's request for a cell phone to be used at the Baldwin County Jail is **DENIED as moot** because Mr. Woodyard is no longer being held at the Baldwin County Jail. (*See* Doc. 45). Once this action reaches a dispositive stage, if Mr. Woodyard has still not been able to review Defendants' video evidence, he should inform the Court of such, and proper arrangements will be made with the holding facility to ensure he can watch the video evidence.

Additionally, it appears Mr. Woodyard takes issue with Defendants not providing him with answers regarding the grievance process at Fountain; however, (1) Mr. Woodyard does not ask the Court for specific relief here, and (2) the Court notes that Defendants have not been served with interrogatories nor ordered to answer interrogatories in this matter. (*See* Doc. 31). To the extent Mr. Woodyard's "grievance questions" go to disputing Defendants' exhaustion argument in their answer and special report (*see* Doc. 30 at 10-11), Mr. Woodyard may provide, under penalty of perjury, his argument or explanation for the Court to consider. Accordingly, Mr. Woodyard's Motion to Intervene (Doc. 34) is **DENIED**.

Mr. Woodyard also filed a Motion to Compel certain discovery. (Doc. 35). Without discussing whether Mr. Woodyard's discovery requests meet the requirements of Fed. R. Civ. P. 26(b)(1), the Court determines requests for discovery at this stage of this action are premature. Because Mr. Woodyard's case remains in the early stages, he is not hindered by the lack of discovery. At this stage of the suit, a plaintiff's sworn affirmations, even self-serving, are taken as true. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citations omitted) ("To be sure, [plaintiff's] sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage. . . . 'Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving.'"); *but see Kingsland v. City of Miami*, 382 F.3d 1220, 1227 n.8 (11th Cir. 2004) ("a court need not entertain conclusory and unsubstantiated allegations of fabrication of evidence"), *abrogated on other grounds by Williams v. Aguirre*, 965 F.3d 1147 (11th Cir. 2020)). Also, Mr. Woodyard's motion to compel (demanding video footage that he admits may not even exist, stating "second double down team assault of plaintiff done by Mitchell and Ming may or may not be recorded plaintiff doesn't know") (Doc. 35 at 1)), is improperly brought under Rule 37 of the Federal Rules of Civil Procedure, as Defendants have not failed to obey a discovery order nor are Defendants noncompliant in any other manner to effectuate or necessitate a motion to compel. *See* Fed. R. Civ. P. 37. To the extent, Mr. Woodyard disputes Defendants' position and version of the incident, he may do so in a response under penalty of perjury or move for discovery pursuant to the Federal Rules of Civil Procedure. For these reasons, Mr. Woodyard's Motion to Compel (Doc. 35) is **DENIED**.

Lastly, Mr. Woodyard has moved to subpoena records from "South Baldwin Hospital" in Foley, AL for "the medical records of Draper "Frank" Woodyard ... in their entirety to include but not limited to all billing information." (Doc. 37). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). However, the scope of discovery is not without limits, with the Supreme Court recognizing that "'discovery, like all matters of procedure, has ultimate and necessary boundaries.'" *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)). For instance, "[d]iscovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1)." *Id*. at 351-352 (internal quotation marks omitted). In addition to being nonprivileged and relevant, discovery requests must also be "proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Mr. Woodyard has failed to show how production of the "entirety" of his medical records at South Baldwin Hospital is relevant or proportional to the needs of this case. Accordingly, the Motion to Subpoena (Doc. 37) is **DENIED**.

Upon review of Plaintiff's Response to Defendants' Special Report, the Court reminds Mr. Woodyard that for declarations (statements that are not notarized) to be considered by the Court in opposition to a dispositive motion, like a motion to dismiss or summary judgment, the statement must be written in compliance with 28 U.S.C. § 1746. As drafted, Mr. Woodyard's Responses to Defendants' Special Report (Docs. 36, 38) are not compliant with § 1746, as they are not made under penalty of perjury or with language substantially like that provided by 28 U.S.C. § 1746.

5

In conclusion, for the foregoing reasons, Mr. Woodyard's Motion to Intervene (Doc. 34), Motion to Compel (Doc. 35), and Motion to Subpoena (Doc. 37) are **DENIED**.

**DONE** and **ORDERED** this the **17th** day of **July, 2026**.

 **/s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**

5