**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| DRAPER FRANK WOODYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 25-00218-KD-MU |
| | ) | |
| SGT. MICHAEL MITCHELL, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This action is currently pending before the Court on Defendants' motion for summary judgment. (Doc. 48). The parties have filed several motions which the Court will now address in turn.

**A. Woodyard's Motions for Discovery (Docs. 49 and 51)**

Before the Court are two discovery motions filed by Mr. Woodyard. (*See* Docs. 49 and 51). For the reasons discussed below, these motions are **DENIED**.

On July 22, 2026, this Court converted the answer and special report filed by ADOC Commissioner John Hamm, Wardens Johnny McNeal and Kenneth Peters, Lieutenant Michael Mitchell, Sergeant Tobias Ming and Officer Issac Nicols (who are being sued by Mr. Woodyard for alleged constitutional violations of excessive force, failure to protect, to provide medical care and to provide a safe environment) to a motion for summary judgment. (*See* Doc. 48). On this same day, Mr. Woodyard filed a Motion for Discovery (Doc. 49) and a Motion to Subpoena (Doc. 51) seeking the same or substantially similar evidence from Defendants. This includes video and audio feeds and footage from the date and time of the incident subject of the complaint captured in

the hallway in front of cell L-32; the segregation lobby of L-side; hallway outside of hallway in front of L-side segregation; the hospital walkway; the hospital lobby waiting room; the hallway inside of the hospital examination rooms; the back gate, hallway and infirmary at Holman; all medical records. (*See* Docs. 49, 51). Mr. Woodyard also requests videos from "Fountain correctional facility from 1/20/21 - 11/17/21 from J dorm showing "several altercations with Defendant's Mitchell and Ming as well as several other officers who aided Mitchell in his assaults on my person through the course of 11 months," as well as his entire medical records from South Baldwin Hospital and Baptist Hospital in Florida. (Doc. 49 at 2 and Doc. 51 at 2).

To the extent Mr. Woodyard requests video footage and records from September 30, 2023, that relate to the complaint incident(s), the Court reminds Mr. Woodyard that Defendants have previously been ordered to produce certified copies of all medical records relevant to this incident (including those relevant to plaintiff's claim and defendants' defense), as well as "video recordings . . . [that] relate to the complaint allegations . . . including those maintained by a third-party contractor)" (Doc. 6 at 2-3), and Defendants have produced video evidence and medical records as part of their special report. (*See* Docs. 30, 32). Plaintiff is also reminded that at this stage of the case, his sworn affirmations, even self-serving, are taken as true, unless blatantly contradicted by the record evidence. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citations omitted) ("To be sure, [plaintiff's] sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage. . . . 'Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving.'"); *but see*

*Kingsland v. City of Miami*, 382 F.3d 1220, 1227 n.8 (11th Cir. 2004) ("a court need not entertain conclusory and unsubstantiated allegations of fabrication of evidence"), *abrogated on other grounds by Williams v. Aguirre*, 965 F.3d 1147 (11th Cir. 2020)). Accordingly, Mr. Woodyard does not need production of the requested evidence at this juncture to defeat summary judgment. The Court advises Mr. Woodyard, again, to the extent he disputes the Defendants' position and version of the incident, he may do so in a response under penalty of perjury or move for discovery pursuant to the Federal Rules of Civil Procedure. Consequently, Mr. Woodyard's Motions for Discovery (Docs. 49 and 51) are **DENIED**.

Additionally, Mr. Woodyard has moved, again, to obtain copies of his entire medical records from South Baldwin Hospital and Baptist Hospital. (Docs. 49, 51; *see also* Doc. 37). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). However, the scope of discovery is not without limits, with the Supreme Court recognizing that "'discovery, like all matters of procedure, has ultimate and necessary boundaries.'" *Oppenheimer Fund, Inc., supra,* 437 U.S. at 351 (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)). For instance, "[d]iscovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1)." *Id*. at 351-352 (internal quotation marks omitted). In addition to being nonprivileged and relevant, discovery requests must also be "proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Here, Mr. Woodyard has failed to show how production of the "entirety" of his medical records at South Baldwin Hospital and/or

Baptist Hospital is relevant or proportional to the needs of this case. Accordingly, these requests are due to be denied regardless of the stage of the case. The same reasoning applies to Mr. Woodyard's requests for video feed from Fountain Correctional Facility from 1/20/21 - 11/17/21 from J dorm showing "several altercations with Defendant's Mitchell and Ming as well as several other officers who aided Mitchell in his assaults on my person through the course of 11 months." (Doc. 49 at 2; *see also* Doc. 51 at 2). This request, despite naming Defendants Mitchell and Ming, is far too tenuous to be considered relevant and proportional to the needs of the correction action and is due to be denied.

The Court again reminds Mr. Woodyard, following review of his Response to Defendants' Special Report, that for declarations (statements that are not notarized) to be considered by the Court in opposition to a dispositive motion, like a motion to dismiss or summary judgment, the statement must be written in compliance with 28 U.S.C. § 1746. As drafted, Mr. Woodyard's Response to Defendants' Special Report (Docs. 36, 38) are not compliant with § 1746, as they are not made under penalty of perjury or with language substantially like that provided by 28 U.S.C. § 1746. Whereas Woodyard's declaration attached to his "Response to Doc. 48" does comply with § 1746.

**B. <u>Woodyard's Request for Copy of Special Report (Doc. 54).</u>**

Mr. Woodyard explains by handwritten letter that when he was transferred from Baldwin County Corrections Center to Mobile County Metro Jail, "all documents were either lost or misplaced in the move." (Doc. 53). He specifies that Defendants' Answer and Special Report is included in the documents that are missing since his transfer, and he requests a copy of the Special Report and exhibits so that he may properly respond

to the motion for summary judgment. (*Id.*). For the reasons explained in Mr. Woodyard's request, **Defendants are ORDERED to resend Doc. 30** (including exhibits) to Mr. Woodyard at the Mobile County Metro Jail, P.O. Box. 104, Mobile, AL 36601, on or before **September 4, 2026.** Because it is clear from Mr. Woodyard's filings that he has had an opportunity to view the video footage submitted in this action, Exhibit 5 to Defendants' Special Report (Doc. 30), Defendants do not need to provide an additional copy of the video or arrange for Woodyard's viewing of the video again.

**C. Defendants' Motion for Extension of time to File Reply (Doc. 54)**

On July 22, 2026, this Court converted Defendants' Special Report to a motion for summary judgment (Doc. 48) and set response deadlines for the parties. Mr. Woodyard was ordered to respond to the motion on or before August 24, 2026, and Defendants' reply to Plaintiff's Response to the motion was due fourteen (14) days after Plaintiff responded or his deadline passed. (*See* Doc. 48). Defendants have moved for an extension of time to reply. (Doc. 54). Defendants request for an extension of time to reply to Plaintiff's response to the motion for summary judgment is **GRANTED**.

The new response times for the parties are set out below.

**D. Conclusion**

1. Mr. Woodyard's Motion for Discovery (Doc. 49) and Motion to Subpoena (Doc. 51) are **DENIED**.
2. **Defendants** are **ORDERED to resend Doc. 30** and exhibits (excluding the video footage submitted as Exhibit 5) to Mr. Woodyard at the Mobile County Metro Jail, P.O. Box. 104, Mobile, AL 36601, on or before **September 4, 2026.**

3. Defendants' Motion for Extension of Time to File Reply (Doc. 54) is **GRANTED,** with new response dates set for the parties.
4. **Mr. Woodyard** is **ORDERED** to file his response in opposition to the motion for summary judgment on or before **October 2, 2026**. Any opposition Mr. Woodyard wants to file to summary judgment must be in compliance with Rule 56 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1746 to be considered by the Court.
5. **Defendants** are **ORDERED** to file their reply within **fourteen (14)** days after the date Plaintiff's response is docketed with the Court. After this time, the Court will take the motion under submission.
6. The Clerk is **DIRECTED** to note the new response times for the Motion for Summary Judgment on the docket.

**DONE** and **ORDERED** this the **18th** day of **August, 2026**.

**/s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**